UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KENNETH WAYNE LEWIS, :
:
        Petitioner, : Civ. No. 16-7528 (RBK)
:
v. :
:
LORETTA LYNCH, et al., : **OPINION**
:
        Respondents. :
:

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the habeas petition will be summarily dismissed.

## II.    BACKGROUND

Petitioner went to trial on a fifteen count indictment in the United States District Court for the Central District of Illinois. (*See* C.D. Ill. Crim. No. 12-10082) Counts 1-4 were for wire fraud and Counts 5-15 were for money laundering. Petitioner was found guilty by a jury on all counts. He was sentenced to 151 months on the four wire fraud convictions and 120 months on the eleven money laundering convictions to be served consecutively to each other for a total of 271 months imprisonment. On appeal, the United States Circuit Court for the Seventh Circuit vacated petitioner's convictions for money laundering and remanded the matter back to the Central District of Illinois for resentencing on the four wire fraud count convictions. On August 22, 2016, the Central District of Illinois entered an amended judgment. Petitioner was resentenced on the four wire fraud count convictions to 135 months imprisonment.

In October 2016, this Court received petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his underlying criminal convictions and the proceedings leading up to his convictions for wire fraud as well as the proceedings that took place after his convictions, including his resentencing.

### III.   STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

### IV.   DISCUSSION

Petitioner is seeking to have this Court review the judgment of conviction and sentence entered by the Central District of Illinois arising from his federal criminal proceedings. Generally, a challenge to the validity of a federal conviction or sentence must be brought under

28 U.S.C. § 2255. *See Jackman v. Shartle,* 535 F. App'x 87, 88 (3d Cir. 2013) (citing *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Cradle,* 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil,* 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil,* the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255

3

motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke,* 307 F.3d at 120 (citing *Dorsainvil,* 119 F.3d at 251).

Petitioner does not allege facts to bring him within the *Dorsainvil* exception. He does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Thus, this Court lacks jurisdiction to consider the instant habeas petition.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. It does not appear that petitioner has ever filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Central District of Illinois. Nevertheless, this Court finds that it is not in the interest of justice to transfer this petition to the Central District of Illinois at this time.[1]

---

[1] Nothing in this Opinion should be construed by petitioner as preventing him from filing a § 2255 motion in the Central District of Illinois for that court's consideration in the first instance should he elect to do so provided it is filed within the applicable statute of limitations.

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed due to a lack of jurisdiction. An appropriate order will be entered.


DATED:  December 9, 2016

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge