UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KENNETH WAYNE LEWIS,

    Petitioner,

v.

LORETTA LYNCH, et al.,

    Respondents.

Civ. No. 16-7528 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 13, 2016, this Court summarily dismissed the habeas petition due to a lack of jurisdiction. Thereafter, in a series of filings, it appears as if petitioner is seeking reconsideration of that decision as well as seeking to have the undersigned be recused. This Court will order the Clerk to reopen this case so that these filings can be analyzed and adjudicated. For the following reasons, petitioner's requests for recusal will be denied as will his requests for reconsideration.

## II. BACKGROUND

This Court laid out the factual background of this case in its previous opinion as follows:

> Petitioner went to trial on a fifteen count indictment in the United States District Court for the Central District of Illinois. (*See* C.D. Ill. Crim. No. 12-10082) Counts 1-4 were for wire fraud and Counts 5-15 were for money laundering. Petitioner was found guilty by a jury on all counts. He was sentenced to 151 months on the four wire fraud convictions and 120 months on the eleven money laundering convictions to be served consecutively to each other for a total of 271 months imprisonment. On appeal, the

> United States Circuit Court for the Seventh Circuit vacated petitioner's convictions for money laundering and remanded the matter back to the Central District of Illinois for resentencing on the four wire fraud count convictions. On August 22, 2016, the Central District of Illinois entered an amended judgment. Petitioner was resentenced on the four wire fraud count convictions to 135 months imprisonment.

(Dkt. No. 5 at p.1-2) In October, 2016, petitioner filed this habeas petition that challenged his criminal conviction and underlying criminal proceedings in the Central District of Illinois.

Ultimately, relying in *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), this Court determined that petitioner could not bring such a habeas petition under § 2241. Instead, he needed to bring such habeas claims in a § 2255 motion in the Central District of Illinois. (*See* Dkt. No. 5 at p.3-4) Accordingly, the habeas petition was summarily dismissed.

Thereafter, petitioner made numerous filings that this Court construes as requests to reconsider that decision. Furthermore, petitioner requests that the undersigned be recused from this case. (*See* Dkt. No. 8 at p.3)

### III. DISCUSSION

A. <u>Request for Recusal</u>

Petitioner seeks that the undersigned be recused from this case. The legal standard for recusal of district court judges is codified in 28 U.S.C. §§ 144 and 455. Section 144 provides for recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. To be "legally sufficient," the facts must "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Cooney v. Booth,* 262 F. Supp. 2d 494, 501 (E.D. Pa. 2003) (quoting *Berger v. United States,* 255 U.S. 22, 33–34 (1921)). The court must accept all facts

alleged in the affidavit as true, but need not accept the moving party's conclusions, conjecture, speculation or surmises. *Id.*

Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Such disqualification is crucial to maintaining "the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." *Alexander v. Primerica Holdings. Inc.,* 10 F.3d 155, 162 (3d Cir. 1993) (quoting *In re Sch. Asbestos Litig.,* 977 F.2d 764, 776 (3d Cir. 1992)). Consequently, even where the judge is not "subjectively biased or prejudiced," he must recuse himself under § 455 "so long as he appears to be so." *In re Community Bank of No. Va.,* 418 F.3d 277, 320 (3d Cir. 2005) (quoting *United States v. Bertoli,* 40 F.3d 1384, 1412 (3d Cir.1994)). In other words, the judge must recuse himself if a "reasonable man ... would harbor doubts about the judge's impartiality." *Cmty. Bank,* 418 F.3d at 320 (citation omitted).

Petitioner's complaint with the undersigned appears to be that this Court dismissed his habeas petition, including the fact that the dismissal was at the screening stage. As this Court noted in its prior opinion, § 2243 gave this Court authority to dismiss the habeas petition at the screening stage. (*See* Dkt. No. 5 at p.2) Petitioner's dissatisfaction with the outcome of the litigation process and his habeas petition is not grounds for recusal. Accordingly, petitioner's request for recusal will be denied.

B. Motion for Reconsideration

Petitioner's numerous filings after this Court summarily dismissed the habeas petition are construed as petitioner's requests for reconsideration of that dismissal. Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by

Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court in matters in which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11–7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10–5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 Fed.Appx. 405, 410 (3d Cir. 2004). Additionally, Rule 59(e) requires that it be filed within twenty-eight days after the entry of judgment. *See* Fed. R. Civ. P. 59(e).

Petitioner fails to show that reconsideration is warranted. Petitioner once again complains about his criminal proceedings before the Central District of Illinois in his post-judgment filings. Petitioner asserts that this included the suppression of evidence that prevented him from putting on a defense. However, the proper method for petitioner to challenge his criminal proceedings is not through this § 2241 action. Petitioner has not shown that § 2255 would be inadequate or ineffective to raise the issues he raises in this action. Indeed, petitioner fails to show that he "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" *Dorsainvil*, 119 F.3d at 251. Therefore, petitioner's request for reconsideration of this Court's summary dismissal of his habeas petition will be denied.

## IV.   CONCLUSION

For the foregoing reasons, petitioner's request for recusal is denied. Petitioner's request for reconsideration of this Court's December 13, 2016 summary dismissal of his habeas petition will also be denied. An appropriate order will be entered.


DATED:  May 19, 2017                                              s/Robert B. Kugler
                                                                                     ROBERT B. KUGLER
                                                                                     United States District Judge